UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 8, 2013

LETTER TO COUNSEL:

RE: *Donna Boone v. Commissioner, Social Security Administration*;
Civil No. SAG-11-2941

Dear Counsel:

On October 14, 2011, the Plaintiff, Donna Boone, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Ms. Boone's reply. (ECF Nos. 19, 21, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Boone filed her claims for benefits on July 17, 2009, claiming disability beginning on June 26, 2004. (Tr. 170-72). Her claims were denied initially on November 16, 2009, and on reconsideration on July 8, 2010. (Tr. 90-94, 95-98). A hearing was held before an Administrative Law Judge ("ALJ") on April 19, 2011. (Tr. 26-50). Following the hearing, on May 10, 2011, the ALJ determined that Ms. Boone was not disabled during the relevant time frame. (Tr. 7-25). The Appeals Council denied Ms. Boone's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Boone suffered from the severe impairments of degenerative disc disease, and bipolar disorder/depression. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Boone retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to simple routine unskilled jobs (SVP2) requiring low concentration and memory and low stress, should be afforded the opportunity to sit for 30 minutes and stand for 30 minutes consistently and on an alternate basis 8-hours a day 5 days a week; and should avoid heights, hazards, temperature extremes, and climbing of a ladder/rope/scaffolds.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Boone could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 19-20).

Ms. Boone presents two arguments on appeal: (1) that the ALJ failed to identify and analyze Listing 1.04 (spine disorders); and (2) that the ALJ erroneously rejected the opinions of her treating physicians. Each argument lacks merit.

Ms. Boone's first argument is that the ALJ erred at step three by failing to consider appropriately Listing 1.04 (spine disorders). Pl. Mot. 8-12. Ms. Boone contends that the ALJ's step three analysis was deficient because the ALJ did not specifically identify or explain his analysis of any physical Listing.[1] Ms. Boone further contends that the medical evidence warranted consideration of Listing 1.04. Despite the general nature of the ALJ's language describing his evaluation of the physical Listings, I find that the ALJ provided substantial evidence to support his step three finding as to Listing 1.04. The ALJ first noted that Ms. Boone's representative did not contend that any Listing had been met or equaled. (Tr. 13). Second, the ALJ noted that no treating or examining physician had mentioned any findings equivalent in severity to any Listing. *Id.* Finally, the ALJ noted that a review of the medical evidence of record did not suggest that such a finding would be appropriate. *Id.* Ms. Boone points to a July 2010 MRI as evidence that necessitated the ALJ analyze Listing 1.04. Pl. Mot. 8-9. However, in the other sections of his opinion, the ALJ thoroughly examined the objective medical evidence pertaining to Ms. Boone's degenerative disc disease, including those MRI results, and noted the success of two subsequent surgeries in 2010. (Tr. 16, 17); (Tr. 517) (noting, in January 2011, that Ms. Boone was "doing exceptionally well" and "require[d] [no] further pain management, physical therapy, or conservative care."). I cannot find that the ALJ erred, because the medical record does not support a finding of "ample evidence" that Ms. Boone meets each of the criteria of any subpart of Listing 1.04.

Second, Ms. Boone submits that the ALJ failed to consider adequately the opinions of her treating physicians, Drs. Zhu and Biondo. Pl Mot. 12-16. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). In this case, the ALJ assigned little weight to Dr. Zhu's opinion. (Tr. 17). In support of that opinion, Dr. Zhu repeatedly cited a single piece of objective evidence: "L 4-5 annular tear from MRI." (Tr. 379-80). However, Dr. Zhu's own notes described that MRI as showing a "[n]ear normal spine with a small annular tear and small central disc protrusion at L4-L5 without impingement." (Tr. 275). The ALJ properly discounted Dr. Zhu's reliance on that single objective finding that preceded his opinion by more than two years, then, to support extremely restrictive RFC findings. (Tr. 17). Dr. Biondo's opinion suffered from a similar lack of objective support. In fact, the only MRIs Dr. Biondo could have relied upon for his 2011 opinion pre-dated Ms. Boone's two 2010 back surgeries, which resulted in significant improvement to her symptoms. (Tr. 462, 517). Finally, the ALJ contrasted the extremely restrictive opinions of the physicians with Ms. Boone's activities of daily living, which included "under the table" employment as a cleaner two days per

---

[1] The ALJ did expressly address one of the mental health Listings, Listing 12.04. (Tr. 13).

*Donna Boone v. Commissioner, Social Security Administration*
Civil No. SAG-11-2941
May 8, 2013
Page 3

week. (Tr. 40). The ALJ's conclusion was therefore supported by substantial evidence.

     For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 21) will be GRANTED. The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge